Michael Rice (SBN 290922)
Attorney
565 Pier Avenue, #1481
Hermosa Beach, California 90254
(310) 504-6981
michael@michaelricelaw.com

*Attorney for Plaintiff, Julia Arreygue*

# UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>JULIA ARREYGUE,<br>    *Debtor* | Bankr. Case No.: 1:21-bk-10161 |
| JULIA ARREYGUE,<br>    *Plaintiff,*<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br>    *Defendant and Creditor* | CHAPTER 7<br><br>Adv. No.: 1:21-ap-01022-VK<br><br>**FIRST AMENDED COMPLAINT** |

The following introductory paragraphs describe the procedural history leading up to this First Amended Complaint ("FAC") and are intended to aid the Defendant and the Court as they review the record:

FIRST AMENDED COMPLAINT - 1

1. This adversary proceeding was initiated when a complaint requesting an undue hardship finding under 11 U.S.C. § 523(a)(8) was filed with this Court against MOHELA on May 9, 2021 [DE 1].

2. A summons was issued on May 10, 2021, which Plaintiff served [DE 3].

3. This Court required a joint status report (the "First Status Report") be filed by June 21, 2021, and scheduled a status conference (the "First Status Conference") for July 7, 2021.

4. On June 16, 2021, Plaintiff communicated by phone with MOHELA's general counsel and discussed MOHELA's request that the Department of Education (the "Department") be substituted as the proper defendant in this litigation.

5. During that conversation, MOHELA's general counsel stated that, in some districts, the United States Attorney will sometimes appear in adversary matters such as this seeking to intervene on the Department's behalf and that he would notify the Department of the pending litigation, but, as of the filing of this FAC, the U.S. Attorney for this district has not yet made an appearance.

FIRST AMENDED COMPLAINT - 2

6. On June 21, 2021, Plaintiff filed her First Status Report [DE 5] indicating that she intended to seek to dismiss MOHELA from the litigation and amend the complaint to substitute the Department as the proper defendant.

7. On July 6, 2021, the Court issued its tentative rulings calendar noting that it intended to continue the First Status Conference and waiving counsel appearances.

8. On July 8, 2021, the Court issued an order [DE 6] continuing the First Status Conference to **August 25, 2021, at 1:30 p.m.**, and ordering that the Plaintiff and a substituted defendant appear via ZoomGov.

9. According to the same order, a new joint status report is due no later than **August 11, 2021**.

10. Plaintiff believes the foregoing record evidences that the Federal Rules of Bankruptcy Procedure requirements for amending the original complaint have been satisfied and also meet the timelines established by the Court, but Plaintiff stands ready to take any additional procedural steps necessary to aid the Court and to avoid prejudicing the Defendant—including moving this Court for more time to allow Defendant to prepare a response.

FIRST AMENDED COMPLAINT - 3

11. After reviewing the Court's order, Plaintiff endeavored to ensure that she would name the proper parties through this FAC by an additional review of her files and requesting a student loan report from the National Student Loan Data System on July 20, 2021, to limit the possibility that any further amendments to the complaint would be required to add additional student loan creditors.

12. For the foregoing reasons, Plaintiff now files this FAC to remove MOHELA as a defendant, name the Department as a defendant, and adjust certain factual allegations below accordingly.

## **FIRST AMENDED COMPLAINT**

Plaintiff Julia Arreygue ("Ms. Arreygue"), debtor in the above-captioned lead bankruptcy case, seeks relief from her nearly four-decade old student loans under 11 U.S.C. § 523(a)(8). In support thereof, she alleges as follows:

### **I**

### **JURISDICTION AND VENUE**

13. This Court has jurisdiction over the instant adversary proceeding under 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523 because Debtor Julia Arreygue prosecuted her bankruptcy proceeding in this court under Chapter 7 of

FIRST AMENDED COMPLAINT - 4

the Bankruptcy Code (case number 1:21-bk-10161). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409. Plaintiff consents to entry of final judgment by this Court.

## II.

## **PARTIES AND THE CASE**

14. Julia Arreygue ("Plaintiff") is a single mother with children residing in Van Nuys with her family, which falls within the Central District of California's jurisdiction, specifically within the San Fernando Division of the Court.

15. Defendant is the United States Department of Education (the "Department"), a Federal agency, on information and belief, holding the note(s) through its Direct Loan program.

16. Former defendant Higher Education Loan Authority of the State of Missouri ("MOHELA") is, on information and belief, an authority chartered under State of Missouri law formed for the purpose of servicing student loans and is the servicer of Ms. Arreygue's student loan debts.

\#

\#

\#

FIRST AMENDED COMPLAINT - 5

## III.

## FACTUAL ALLEGATIONS

17. Nearly forty years ago, in the 1980s, Julia Arreygue attended a private vocational school called Catherine College, which is now defunct, to train as a legal secretary in the Los Angeles area.

18. Ms. Arreygue incurred approximately $10,000 in debt (the "Student Loan Debt") to attend the program.[1]

19. Neon green and pink Spandex shorts were the hottest fashion trend and Ms. Arreygue was in her twenties when she incurred the Student Loan Debt. Now, at age sixty, despite having made many payments, having to suffer collection efforts such as tax intercepts, and having worked vigorously with MOHELA and past servicers of the Student Loan Debt over the decades to make payments as affordable as possible, Ms. Arreygue continues to owe almost the same amount on the Student Loan Debt as she did upon graduation in the 1980s—*if not more*.[2]

---

[1] Given the length of time since Plaintiff attended school, more specific details are expected to be adduced during discovery beyond that obtainable via the NSLDS Report.

[2] Given the age of the debt and long history of payments, Plaintiff intends to obtain a full record of the loan's payment history during pre-trial discovery.

FIRST AMENDED COMPLAINT - 6

20. According to a report issued to her on July 20, 2021 from the National Student Loan Data System (the "NSLDS Report"), her Student Loan Debt is currently comprised of the following:

(a) One Direct Consolidated Unsubsidized loan with $6,219 in principal and $402 in interest outstanding.

(b) One Direct Consolidated Subsidized loan with $3,733 in principal and $252 in interest outstanding.

(c) According to the NSLDS Report, it appears both loans were consolidated in July of 2000 when her outstanding balance was $6,531 and she has paid more than $7,000 on the debts.

21. On information and belief, under her current payment plan through MOHELA, due to an interest rate of 8.25%, Ms. Arreygue continues to accrue monthly interest charges greater than she can pay.

22. Today, Ms. Arreygue works as a legal secretary for a legal services organization in the Los Angeles area.

23. Working for a legal services organization serving underprivileged clients is important but low paid work that, in and of itself, barely provides a minimal standard of living in an expensive area like Los Angeles County—and that is *before* repaying the Student Loan Debt. After taxes, deductions, union dues, and loan repayments on retirement savings secured loans, which will be explained

FIRST AMENDED COMPLAINT - 7

more fully at trial, Ms. Arreygue barely earns enough money to maintain a minimal standard of living.  Given the high cost of housing in Los Angeles County, rent consumes over half of her take-home pay.  With what little is left, she uses to pay utilities and feed and clothe herself and her three children.  While Ms. Arreygue deducts a small amount of money each month from her paycheck to provide for her retirement, which is likely within a few years, Ms. Arreygue does not even have money to afford a car, which is practically required to maintain a professional job in Los Angeles and provide a minimal standard of living.  She relies on family to lend "a ride" or a car when needed.

24. She receives a small amount of money from her estranged husband for child support,[3] but beyond that there are no other sources of income to contribute to her living expenses, providing for her children, or Student Loan Debt payments.  The money she has available after paying the landlord is used not only to care for herself but also to support her three children and, when she can manage a little extra, her elderly father.  Ms. Arreygue is sixty years old, well established in her career, and unlikely to find a new, higher paid, source of income at this point in her career.

---

[3] Ms. Arreygue has been long separated from her husband.

FIRST AMENDED COMPLAINT - 8

## COUNT ONE: UNDUE HARDSHIP UNDER § 523

**(By Plaintiff Against Defendant)**

25. Plaintiff realleges the forgoing paragraphs as if fully rewritten herein.

26. If the Court denies a finding of undue hardship, then Debtor would not be able to maintain a minimal standard of living if forced to repay the debt.

27. Ms. Arreygue has made a good faith effort to repay the Student Loan Debt over the decades.

28. Given Ms. Arreygue's age and late career stage, her financial situation is highly unlikely to change throughout the repayment period of the Student Loan Debt.

## PRAYER FOR RELIEF

Debtor, through her counsel, respectfully requests that this Court:

(A) enter a finding that the Student Loan Debt imposes an undue hardship under 11 U.S.C. § 523(a)(8);

(B) order the Department to provide an accounting to Plaintiff of all payments made and all interest accrued since the commencement of the bankruptcy petition;

(C) order an injunction ordering the Department to cease collection efforts of the Student Loan Debt through MOHELA or any future servicers;

FIRST AMENDED COMPLAINT - 9

(D) award Plaintiff's counsel for reasonable attorney fees and costs associated with this action, if available; and

(E) any other legal or equitable relief as this Court deems just, proper, and appropriate.

Respectfully submitted this 24th day of July, 2021.

_____
Michael Rice, SBN 290922,
Attorney for Ms. Arreygue

FIRST AMENDED COMPLAINT - 10